THE CAMDEN, GLOUCESTER AND WOODBURY RAILWAY COMPANY, PLAINTIFF IN ERROR, v. CORNELIUS PRESTON, ADMINISTRATOR, &c., OF CHARLES C. PURTON, DECEASED, DEFENDANT IN ERROR.

1. It is the duty of a carriage driver not to obstruct the track of a trolley car.

2. Whether his negligence was proximately contributory to the collision which followed is for the jury to determine.

---

On error to the Gloucester Circuit.

For the plaintiff in error, *Samuel H. Grey.*

For the defendant in error, *Robert S. Clymer.*

The opinion of the court was delivered by

DAYTON, J.    Suit was brought by Cornelius Preston, administrator of Charles C. Purton, to recover damages for the loss which the latter's widow and orphans sustained by his death. A verdict was rendered for the plaintiff below, and the case is brought into this court upon exceptions to the charge of the judge presiding at the trial.

It appeared by the evidence that the deceased was driving in an open pony wagon, after dark, from Camden to Woodbury, on the line of the electric railway. At a point on Broadway, near the Newton creek bridge, a car, coming in the same direction, collided with the wagon, threw out the deceased and, the front wheel of the car passing over him, caused his immediate death.

The defence to this action was contributory negligence on the part of the deceased; that, with abundant warning of the car's approach, he willfully and illegally drove or continued upon the track in such manner as to make the collision inevitable.

The question of negligence is eminently one of fact for the jury to determine, but the plaintiff in error complains that in submitting the case to the jury the law applicable to the facts was so erroneously stated as to mislead the jury and prejudice the company's rights.

It is alleged that the trial court erred in refusing to charge, first, "that if the jury believe from the evidence that the trolley motorman gave full and fair notice by ringing the bell, it was the duty of the carriage driver, the decedent, proceeding in the same direction, to drive on some other part of the road and allow the trolley car to pass, and if he did not he was guilty of contributory negligence, and plaintiff cannot recover."

Trolley companies, by permission of the legislature, may, in common with all persons, lawfully use that part of the highway over which their tracks are laid. Every other citizen may use all parts of the way, including the railway tracks, excepting use of the rails, for the purpose of conducting the business of transportation in competition with the trolley companies. *Citizens' Coach Co.* v. *Camden Horse Railroad Co.,* 6 *Stew. Eq.* 267.

An unreasonable obstruction to the passage of the trolley car in the conduct of its business, like the unreasonable obstruction to the passage of any other vehicle in pursuit of its legitimate occupation along the street, would constitute a

nuisance and subject the offender to suit and penalty at law. The electric car in question had the right to continue on its course in the straight line to which it was confined by the railway tracks, provided that, in so doing, it did not interfere with the rights of others.   It could not turn out for other vehicles, but in this case there was no impediment to prevent the decedent from turning out to let the car pass.   In the exercise of their mutual rights it was incumbent upon the driver of the carriage, upon notice of the approach of the electric car, to make way for the latter.   It was his duty to do so.   Willful and unnecessary obstruction to the car's progress, at its usual and lawful speed, could have been punished by legal process.   The legislature, however, did not clothe the railway company with power by violence to enforce the law for its benefit, or to punish the violation of a public right.   It could not take the law into its own hands, and, by violent means, force the obstructing vehicle from its way. In doing so it would clearly become a wrongdoer.   *Paterson Railway Co.* v. *Lanning,* 18 *N. J. L. J.* 245 ; *North Hudson County Railroad Co.* v. *Isley,* 20 *Vroom* 468.

In refusing to charge that such neglect of duty was in this case, of itself, contributory negligence on the part of decedent, as was requested in the language embraced in the third exception, there was no error, because it does not follow necessarily that such neglect of duty was so proximately contributory to the collision as to relieve the company from responsibility. Neglect of a legal duty on plaintiff's part is not a good defence to an action for damages unless it was proximately contributory to the injury.

The question left to the jury was whether the defendant, under the circumstances, exercised reasonable care to avoid the accident.   If the motorman knew that decedent's wagon was on the track, so that a collision with it was necessary or even probable should the car advance, it was his willful and wrongful act which caused the accident.

In all cases where the defendant's negligence was so gross as to imply a disregard of consequences or a willingness to

inflict the injury, the plaintiff may recover, even though he was a trespasser or did not use ordinary care. *Lafayette Railroad Co.* v. *Adams,* 26 *Ind.* 76.

If the cause proximately contributed to the result, there can be no recovery; but if it was only a remote cause or condition of the injury, a recovery can be had. If the motorman, before the collision, knew that decedent was on the track, although there unlawfully and negligently, in pushing his car ahead without reasonable care to prevent a collision, he would be guilty of an act of carelessness independent of the previous negligence of the plaintiff. Whether, in the concurrent actions of the plaintiff and defendant's agent, at the time of the accident, any negligence contributory to the result could be imputed to the decedent, was a question of fact properly left to the jury to determine.

The defendant further requested the court to charge " that if the jury believe from the evidence that plaintiff's decedent was driving at the time of the accident and was intoxicated, and for this reason did not observe the ringing of the bell or the noise of the trolley or light of the same, he was guilty of contributory negligence, and plaintiff cannot recover." The response to this request was substantially a compliance with it. It was in terms sufficiently favorable to the defendant, and the exception cannot be sustained.

The fourth exception, being to the refusal of the court to charge that there was no proof that the motorman went on for the purpose of pushing the carriage off the track and so struck the carriage, must be overruled. The court properly said it considered there was sufficient evidence for that to be one of the propositions for the jury to consider.

The motorman knew that decedent had been driving on the track before him and had failed to turn off when the bell was rung. He expected to have trouble, as was stated by the conductor of the car. It was his duty to have avoided the accident by exercising all reasonable care in the circumstances apparent to him. That it was the duty of the deceased to clear the track did not justify the driver of the car

in abating one jot of his vigilance and care.    The refusal of
the judge to charge the jury that it was the legal duty of the
plaintiff's intestate to get off the track, and that failure to
perform such duty was of itself such contributory negligence
as precluded the plaintiff from recovering damages, was not
such an inaccurate statement of the law as to prejudice the
case of the defendant.

Judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE,
DEPUE, DIXON, GUMMERE, LIPPINCOTT, LUDLOW, MAGIE,
VAN SYCKEL, BARKALOW, BOGERT, DAYTON, HENDRICK-
SON, NIXON.    14.

*For reversal*—None.