JOSEPH POWELL, PLAINTIFF IN ERROR, v. ERIE RAILROAD COMPANY, DEFENDANT IN ERROR.

Argued November 17, 1903—Decided February 29, 1904.

1. A trespasser, detected in the act of attempting to climb upon a rapidly moving railroad train, may be ordered off, or his attempt resisted with reasonable force, while the train is still in motion. He cannot, by merely gaining a foothold upon the moving train, impose a duty upon the railroad company, either to permit him to ascend or to stop the train for his convenience.

2. Where a trespasser, while attempting to board a moving railroad car, is opposed by a threat of improper and excessive force on the part of an employe of the railroad company, the force not being

in fact exerted, and the trespasser yields to the show of force and voluntarily releases his hold upon the car and falls to the ground and is injured, he has no action, it not appearing that in the necessary attempt to avoid physical injury he accidentally lost his hold upon the car, nor that he was so overcome with fear as to lose his presence of mind and self-control.

3. A person injured while jumping on or off a train in motion is guilty of contributory negligence.

On error to the Supreme Court.

For the plaintiff in error, *Alexander Simpson.*

For the defendant in error, *Collins & Corbin.*

The opinion of the court was delivered by

PITNEY, J. This was an action to recover damages for personal injuries. The trial judge, at the close of the plaintiff's evidence, directed that judgment of nonsuit be entered. Reversal of this judgment is now sought. Taking a view of the evidence most favorable to the plaintiff, the facts of the case are as follows: The plaintiff, an able-bodied man about twenty-one years of age, on an afternoon in the month of July, undertook to steal a ride upon a combined freight and coal train operated by the defendant. He jumped upon one of the coal cars while the train was in rapid motion, seized the grab-handle with both hands, and secured a footing with both feet upon the iron step at the side of the car. He had not reached a place of safety upon the train, but was in the act of climbing up. While he was in this position, the train having run only a few feet after he jumped upon it, a man whom he did not see, but whom another witness undertook to identify as one of the brakemen of the train, began throwing pieces of stove coal toward the plaintiff. The brakeman stood upon a coal car, about three cars ahead of the plaintiff. Three pieces of coal were successively thrown. None of them struck the plaintiff, but they all struck the car near to him. The third piece would have struck him if

he had not "ducked" to avoid it. As he "ducked," he released his hold upon the grab-iron and thereupon fell from the train, stumbled and was thrown under the wheels. For the physical injuries thus sustained the present action was brought.

Assuming that the man who threw the coal was a brakeman in defendant's employ, and was authorized to represent the defendant in ejecting a trespasser, so as to render the defendant responsible for his acts, within the rule laid down in *West Jersey and Seashore Railroad Co.* v. *Welsh,* 33 *Vroom* 655, we still think the judgment of nonsuit was correct. The plaintiff, on his own showing, was engaged in committing a trespass, which by our statute is made a misdemeanor. *Pamph. L.* 1898, *p.* 853, § 214. The defendant, therefore, owed to him no duty beyond refraining from acts willfully injurious to him. Excessive or improper force applied in the effort to eject him would, of course, be actionable; but no physical force was exerted; he was not touched by any of the pieces of coal. His case, therefore, must rest, if at all, upon the ground that he was so threatened with violence by the brakeman that either in the necessary attempt to avoid it he accidentally lost his hold upon the car, or that he was so overcome with fear that thereby he lost his presence of mind and self-control, and for this reason let go his hold. Neither ground is tenable in view of the evidence. It is not pretended by plaintiff either that he accidentally let go his hold or that he lost his presence of mind. The rational explanation, and in our opinion the only rational explanation of the evidence, is that the throwing of the coal gave notice to the plaintiff that his attempt to climb upon the train had been discovered and would be resisted, and that thereupon he abandoned his attempt, voluntarily released his hold and fell or jumped to the ground.

In view of the age of the plaintiff and the other circumstances disclosed in the evidence, the case is clearly distinguishable from *Ansteth* v. *Buffalo Railway Co.,* 145 *N. Y.* 210; 39 *N. E. Rep.* 708, and cases there cited. Cases more

nearly in point are *Planz* v. *Boston and Albany Railway Co.,* 157 *Mass.* 377; 32 *N. E. Rep.* 356, and *Mugford* v. *Boston and Maine Railroad Co.,* 173 *Mass.* 10; 52 *N. E. Rep.* 1078.

It is entirely clear that the plaintiff voluntarily abandoned his attempt to board the car, and that if the flying coal put him at all in fear, it did not cause him to lose his self-control. In effect, it amounted to no more than a peremptory command to do that which the law itself commanded. The duty of jumping to the ground while the train was in motion was a duty that the plaintiff assumed by attempting to board the train while in motion. The one was to him no more dangerous than the other. Indeed, he was simply interrupted while still engaged in the hazardous operation of climbing upon the car. It is, of course, absurd to say that by merely gaining a foothold upon the moving train he could impose a duty upon the railroad company either to permit him to ascend or to stop the train for his convenience.

If a statute were needed as support for the proposition that a person injured while jumping on or off a train in motion is guilty of contributory negligence, such an enactment is to be found in *Pamph. L.* 1869, *p.* 806, which was embodied in the revised act concerning railroads and canals, approved March 27th, 1874. *Gen. Stat., p.* 2680, § 178.

The judgment under review should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, FORT, PITNEY, SWAYZE, BOGERT, VREDENBURGH, GREEN, GRAY. 11.

*For reversal*—HENDRICKSON, VROOM. 2.