### HOUSTON v. DELAWARE, L. & W. R. CO.

(Circuit Court of Appeals, Third Circuit.   July 21, 1921.)

No. 2645.

1. Carriers ⊚⟳333 (5)—Jumping from moving train contributory negligence.

   Under Railroads and Canals Act N. J. § 55, providing that one injured by jumping from a car while in motion shall be deemed to have contributed to the injury sustained, and shall not recover therefor from the company owning or operating the railroad, there can be no recovery for the death of one jumping off the train while moving.

2. Carriers ⊚⟳334—Riding on platform in violation of notice contributory negligence.

   Under Railroads and Canals Act N. J. § 39, there could be no recovery for the death of a passenger going on the platform and steps of the car while the train was in motion, in violation of a printed notice, and thrown from the train by the swaying and jolting thereof.

3. Courts ⊚⟳365—Rule of state court as to last clear chance followed.

   In an action for death occurring in New Jersey, the federal court follows the rule of the state court that, to entitle plaintiff to recover under the last clear chance doctrine, defendant's negligence must be so gross as to imply a disregard of consequences or a willingness to inflict injury.

4. Carriers ⊚⟳346 (3)—Evidence held not to show gross negligence after discovering passenger's peril.

   In an action for the death of a passenger, who jumped or was thrown from the steps of a car and rolled under the train, evidence held insufficient to show gross negligence with respect to the stopping of the train after a trainman knew of his dangerous situation.

---

⊚⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**5. Carriers ☞348(12)—Instruction on last clear chance doctrine held sufficiently favorable to plaintiff.**

In an action for the death of a passenger, who jumped or was thrown from the steps of a car and rolled under the train, an instruction sufficiently charging the doctrine of last clear chance, but claimed to be erroneous because of the statement that the jury should keep in mind that this hinged on whether or not deceased was thrown from the train by a violent lurch or jerk, *held* sufficiently favorable to plaintiff, where the evidence at most showed concurrent negligence.

**6. Trial ☞257—Refusal of requests presented after charge held discretionary.**

Where requested charges were not made necessary by the charge given, and there was nothing to suggest inadvertence, mistake, or error in not presenting them earlier, it was discretionary to charge or refuse them, especially where it was the custom in the district to present them before counsel began to sum up to the jury, though there was no written rule on the subject.

In Error to the District Court of the United States for the District of New Jersey; Charles F. Lynch, Judge.

Action by Sarah A. Houston, administratrix of Frank J. Houston, deceased, against the Delaware, Lackawanna & Western Railroad Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Peter F. McAllister, of Ithaca, N. Y., and Martin Conboy, of New York City (Edwin N. Moore, of New York City, of counsel), for plaintiff in error.

Frederic B. Scott, of New York City, for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. Frank J. Houston, plaintiff's intestate, was a passenger on defendant's train running from Hoboken to and through Orange, N. J., on April 5, 1917. The station at Orange, at this time, was a stationary one. On each side of the station the defendant was doing extensive construction work. The train was composed of the locomotive, 55 feet long, and 6 coaches, each 60 feet long. The car next to the locomotive in which the deceased was sitting was a combination car, one end of which was used as a baggage car, which was next to the locomotive, and the other end as a smoker. In the smoker end and beside the toilet near the door there was an emergency brake, and also a whistle cord that ran through the car. As the train was nearing the station, a trainman called out "Orange." About this time Houston was seen standing on the steps at the rear platform of the smoker. The train had crossed Essex avenue, 400 feet from the station, when in some way Houston disappeared from the train. At this time Harvey G. Galbraith, Jr., a trainman, was crossing from the platform of the smoker to the next car back, when he saw "an object go by." He "looked over and * * * missed a person off the lower platform * * * off the lower step, off the other step, the rear end of the smoker." "I reached up and pulled the whistle cord twice," he said. About that time somebody said some one "fell off," and Mr. Thomas Lehman, one of the plaintiff's witnesses, who was standing on the front steps of the car immediately following the smoker, said

that the trainman, Galbraith, pulled the whistle cord immediately there-after.

The defendant's witnesses testified that the train stopped within 60 feet after the signal was received. The plaintiff contends that the train went much farther. It was testified that an arm of the deceased was found near the end of the train, which, plaintiff asserts, shows that, after Houston disappeared from the train, it ran nearly the length of the five cars following the smoker. There is no competent evidence as to whether the deceased jumped off the train or fell off. Whatever the fact may be, there was an incline of the ground toward the track where he left the train, and he apparently lost his balance and rolled under it.

The case was submitted to a jury, which returned a verdict for the defendant, and the plaintiff sued out a writ of error, alleging that the learned trial judge erred in refusing to charge two requests submitted to him after he had charged the jury and it was ready to retire. They were:

(1) "Even if Frank J. Houston had been guilty of contributory negligence at the time he was killed, but they find that the servants of the railroad company in the management and control of the train discovered the dangerous and perilous situation of the deceased in time to have prevented his death if immediate and proper steps had been taken to stop the train, and they find further that the engineer in control of the engine that was moving the train received a signal to stop the train, and that the train could have been stopped in time to have saved the life of the deceased, and was not so stopped, they should find a verdict for the plaintiff."

(2) "Even if the deceased carelessly placed himself in a position exposed to danger, and it was discovered in time to have avoided the injury by the use of reasonable care on its part, and the defendant failed to use such care, that failure may be found to be the sole cause of the resulting injury."

The statute in New Jersey which may be applicable to this case provides that:

"If any person shall be injured by * * * jumping on or off a car while in motion, such person shall be deemed to have contributed to the injury sustained, and shall not recover therefor any damages from the company owning or operating said railroad." Section 55 of the Railroads and Canals Act of New Jersey; 3 Compiled Statutes of New Jersey, 4245.

A notice of which the following is a copy was posted in the smoker, about a foot from the door and five or six feet from the floor on the right side of the car:

"The Delaware, Lackawanna & Western Railroad.

"Notice to Passengers.

"Passengers must not go or remain on the platforms of this car while the car is in motion, nor must they go at any time in any baggage or freight car."

[1, 2] If the deceased jumped off the train while it was moving, recovery is barred by the statute. Powell v. Erie R. R. Co., 70 N. J. Law, 290, 58 Atl. 930; Zelman v. P. R. R. Co., 93 N. J. Law, 57, 107 Atl. 442; Erie R. R. Co. v. Hilt, 247 U. S. 97, 38 Sup. Ct. 435, 62 L. Ed. 1003. The plaintiff alleged in her complaint that—

"The said train, when about to stop at said station, suddenly and violently swayed and jolted, and the plaintiff's intestate was by said swaying and jolting thrown to the ground."

There was no evidence to sustain that allegation, and, if there had been, the deceased went on the platform and steps of the· car while the train was in motion, in violation of the printed notice and the New Jersey statute. Recovery under the facts of this case is therefore barred. Section 39, Railroads and Canals Act; 3 Compiled Statutes, 4240.

The plaintiff really complains because the learned trial judge did not charge the doctrine of "the last clear chance" in the language of her requests. He had substantially covered the points of the requests in the following language of his general charge:

"The defendant's witnesses, including the engineer and fireman, testified that the train stopped within 60 feet after the signal was received. What are the facts? Was there negligence of the engineer or other trainmen in not stopping the train quicker than they did stop it? Did they, under the circumstances, do what reasonably prudent men would not have done under similar circumstances? If the train had stopped quicker, would the accident have been avoided? Were the defendant's employees guilty of negligence in the way they acted, when it was learned that a man had in some way disappeared from the platform or steps of the platform? Has the plaintiff established by evidence that, even if the engineer had stopped the train after having received ·the signal which was started to be given to him after the man had disappeared, that even then the man would not have been run over (keeping in mind, as I have already said, that this hinges upon whether or not Houston was thrown from the train by a violent lurch or perk of it) ?"

The plaintiff contends that, even though the deceased was guilty of contributory negligence, the consequences thereof might have been avoided by the exercise of reasonable care and prudence by defendant after Galbraith saw the deceased disappear from the steps. If the engineer had stopped the train in accordance with the signals given by Galbraith, or if Galbraith himself had used the emergency brake, the accident would have occurred. Admittedly the doctrine of "the last clear chance" was sufficiently charged; but the language of the parenthesis, "keeping in mind," etc., plaintiff says, nullifies what had been charged on that subject. However that may be, the real question is whether or not any charge should have been made on that point. This doctrine was first enunciated in the case of Davies v. Mann, 10 M. & W. 546, and is thus stated by the Supreme Court:

"Contributory negligence of the party injured will not defeat the action, if it be shown that the defendant might, by the exercise of reasonable care and prudence, have avoided the consequences of the injured party's negligence." Grand Trunk Railway Company v. Ives, 144 U. S. 408, 429, 12 Sup. Ct. 679, 687 (36 L. Ed. 485).

[3-5] But the Court of Errors and Appeals of New Jersey, whose decisions we follow in administering the negligence law of New Jersey, held that, to entitle plaintiff to recover under this doctrine, the defendant's negligence must be so gross as to imply a disregard of consequences or a willingness to inflict injury. Camden, etc., Railway Co. v. Preston, 59 N. J. Law, 264, 266, 35 Atl. 1119. This general doctrine was further limited by the Circuit Court of Appeals for the Sixth Circuit which held that this rule does not apply—

"to a case where it clearly appears that the injury is the result of the concurrent negligence of the plaintiff and defendant." Gilbert v. Erie R. Co., 97 Fed. 747, 752, 38 C. C. A. 408, 413.

The evidence does not show such gross negligence on the part of the defendant, if it really shows any whatever, as to imply a disregard of consequences and a willingness to inflict injury. At most, this was a case of concurrent negligence. We doubt that, under the evidence in this case, the plaintiff was entitled to have the court charge the benefit of "the last clear chance." At any rate the charge was as favorable as the law justifies. The requests were properly refused, and the verdict of the jury settles the facts.

[6] The requests were presented to the judge after the jury had been charged. When they were presented counsel for defendant said:

"I object to the making of the requests to charge after the cause has been summed up and the jury charged."

The judge replied:

"It is not in accordance with the rules."

There is no written rule in the District Court of New Jersey as to when requests should be presented, but the custom is to present them before counsel begin to sum up to the jury. There are many reasons why they should be given to the trial judge then, and not later, unless they are made necessary by the charge itself. The requests embodied the doctrine of "the last clear chance," based upon the allegations of negligence in paragraph VII of the complaint, and were not, therefore, made necessary by the charge. There was nothing to suggest inadvertence, mistake, or error of counsel, and it was discretionary to charge or refuse the requests. City of Chicago v. Le Moyne, 119 Fed. 662, 56 C. C. A. 278; Astrue v. Star Co., 182 Fed. 705; Linn v. United States, 251 Fed. 476, 163 C. C. A. 470.

The judgment of the District Court will be affirmed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes