## LEHIGH VALLEY R. CO v. STEVENSON et al.

(Circuit Court of Appeals, Third Circuit. February 25, 1927.)

### No. 3486.

**1. Negligence ☞83—Under New Jersey "last clear chance" doctrine plaintiff's negligence must not be concurrent and defendant's negligence must be gross.**

For doctrine of "last clear chance" to be applicable under the law of New Jersey, plaintiff's negligence must not be concurrent with negligence of defendant or its servant, must not continue down to time of accident, and negligence of defendant or its servant must be so gross as to imply a disregard of consequences or a willingness to inflict injury.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Last Clear Chance.]

**2. Carriers ☞314(2)—In action for injuries from being swept from car step by girder, allegation of railroad's negligence held insufficient at common law for want of particularity.**

In action against railroad for injuries when swept off car step by upstanding girder of bridge, allegation that, "while the plaintiff lawfully attempted to enter one of the said trains, the defendant, by its agents or servants in its behalf, so carelessly, negligently and unlawfully operated its said train that the plaintiff was violently thrown * * * to the ground," *held* an insufficient pleading of negligence at common law for want of particularity.

**3. Carriers ☞315(1)—Proof under doctrine of last clear chance held admissible under pleading.**

In action for injuries from being swept from railroad car step by upright bridge girder, pleading that, while plaintiff was attempting to enter train, defendant "so carelessly, negligently and

unlawfully operated its said train that plaintiff was violently thrown * * * to the ground," *held* sufficiently broad to admit evidence of negligence under the last clear chance doctrine; defendant having gone to trial without any objection to pleading for want of particularity.

**4. Carriers ⚖==347(8).—Evidence, in action for injuries to plaintiff, swept from car step by girder, held insufficient for jury, under New Jersey last clear chance doctrine.**

In action against railroad for injuries, evidence that plaintiff, after running to catch train, while standing on car steps while he regained his breath, was swept off by an upstanding girder of a nearby bridge, and evidence that flagman inside car saw plaintiff from two to six seconds before injury and immediately pulled whistle cord, *held* insufficient under New Jersey rule to go to jury under doctrine of last clear chance.

**5. Carriers ⚖==331(5).—Action for injuries to plaintiff, swept from car step by girder, held not barred by New Jersey statute affecting passengers on platform (General Railroad Law N. J., § 39 [3 Comp. St. N. J. 1910, p. 4240]).**

Where plaintiff, after running to catch train, while standing on step regaining his breath, was swept off by an upstanding bridge girder and injured, *held*, action for injuries was not barred by General Railroad Law N. J. § 39 (3 Comp. St. N. J. 1910, p. 4240), relating to railroad's liability for injuries by reason of passengers' *going or remaining on platform* of car in violation of regulations.

**6. Carriers ⚖==331(5).—Action for injuries to plaintiff, swept from car step by girder, held not barred by New Jersey statute affecting trespasses and contributory negligence of persons boarding moving cars (General Railroad Law N. J. § 55 [3 Comp. St. N. J. 1910, p. 4245]).**

Where plaintiff, after running to catch train, while standing on car step regaining his breath, was swept off by an upstanding bridge girder and injured, *held*, action for injuries was not barred by General Railroad Law N. J. § 55 (3 Comp. St. N. J. 1910, p. 4245), relating to trespassing on tracks, and declaring rule as to contributory negligence of persons jumping on or off a car while in motion, and court's refusal to charge on subject of an alleged trespass not error.

In Error to the District Court of the United States for the District of New Jersey; William Clark, Judge.

Action by John H. Stevenson, by next friend, Hugh Stevenson, and by Hugh Stevenson individually, against the Lehigh Valley Railroad Company. Judgment for plaintiffs, and defendant brings error. Reversed, and new trial ordered.

Hobart & Minard, of Newark, N. J. (George S. Hobart, of Newark, N. J., of counsel), for plaintiff in error.

John A. Matthews, of Newark, N. J., for defendants in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. This writ of error is directed to a judgment for the plaintiffs—one a minor, for personal injuries; the other, the father, for medical expenses and loss of earnings of his son—entered on a verdict in a suit based on negligence of the defendant railroad company in operating a train. Referring to the young man as "the plaintiff," the testimony in his case in chief tended to show that he ran for a train standing at the station at South Plainfield, New Jersey, which he intended to board through one of the doors customarily open on the side away from the station. His movement was impeded by a freight train passing in the direction opposite that in which the passenger train was headed. Before he could pass around the freight caboose the passenger train had started, yet by an extra effort he succeeded in reaching the train and getting on the rear step of what is known in this case as the "ladies' car," when, delaying his ascent to the platform in order to regain his breath, he was swept off by an upstanding girder of a nearby bridge and seriously injured. The defendant moved for a nonsuit on the grounds that no negligence on its part was shown while contributory negligence on the part of the plaintiff was proved by his own testimony. The court denied the motion. At the end of the trial the defendant moved for a directed verdict on the same grounds and on others. The learned trial judge denied this motion, yet, feeling the plaintiff had not made out a case of negligence and charging the jury that if they believed the plaintiff's evidence they should return a verdict for the defendant, submitted the case on the testimony of Barker, a trainman and one of the defendant's witnesses, which he conceived was of a character to invoke the doctrine of the last clear chance. He took this action because he thought there was a period of six seconds elapsing between Barker's discovery of the plaintiff at the car door and the instant of the accident and that the jury might find that Barker, within that period, could and should have done something to prevent the injury.

[1] The learned trial judge, correctly instructing the jury on the law of the subject, told them that for the plaintiff to recover under this doctrine they must find two things: One, that his negligence in putting himself

in the place of danger was not concurrent with the negligence of Barker, the defendant's employee, and did not last down to the time of the accident; and, the other, that the negligence of Barker was so gross as to imply a disregard of consequences or a willingness to inflict injury, Camden, etc., Ry. Co. v. Preston, 59 N. J. Law, 264, 35 A. 1119, followed by this court in, the New Jersey case of Houston v. Delaware, etc., R. R. Co. (C. C. A.) 274 F. 599.

The many grounds of the defendant's motion for a directed verdict, which the court ignored, are presented here in assignments of error, of which the first is, in effect, that the court erred in admitting evidence of negligence on the part of the defendant not averred in the complaint, for instance, in admitting evidence under the doctrine of the last clear chance which appeared for the first time in the defendant's case in chief.

The only averment of negligence in the plaintiff's complaint is in these words:

"That while the plaintiff lawfully attempted to enter one of the said trains, the defendant by its agents or servants in its behalf, so carelessly, negligently and unlawfully operated its said train that the plaintiff was violently thrown from the said train of the said defendant to the ground."

[2, 3] Certainly, under rules of common-law pleading, that averment is bad for want of particularity. It does not tell the defendant anything about how or why or just where the accident happened. Whether it is a good or bad averment of negligence under a system of simplified pleading we are not called upon to express an opinion, for the defendant accepted the averment and, joining issue, went to trial upon it. At the trial the defendant found itself in difficulty and sought to restrict acts of its negligence offered in proof under the averment; yet, obviously, as pleaded and accepted, it is broad enough to admit almost any acts of negligence and, accordingly, is broad enough to admit proof of negligence under the last clear chance doctrine, which sprang up later in the trial to the surprise of every one. That being true, the defendant cannot now be heard to complain and, accordingly, we resolve this assignment of error against it.

[4] As the court submitted the case on Barker's testimony alone, which raised a single issue of fact for the jury under the last clear chance doctrine, we shall make what we believe will be a correct summary of his testimony. Barker was the flagman of the train in question—a vestibule train. On arriving at South Plainfield station he opened the right-hand doors and traps of the second and third cars (the second being the ladies' car) and descended to the platform, leaving the left-hand traps down and the left-hand doors closed. When later the train started, he boarded the rear end of the ladies' car, closed the traps and doors of the two cars, stepped inside the ladies' car and called the next station, and then receded to a position midway the platform of that car, making ready to collect tickets. Casually looking through the window of the closed left-hand door, he saw a freight train passing and he also saw the plaintiff running from behind the caboose toward his train. As the plaintiff's body in its approach to the train passed from view, Barker stepped to the door and opened it to see where the young man had gone. He did not open the trap but stood upon it. His position in the train was then beyond the waterplug, a very short distance from the girder bridge which the train was approaching at a speed, according to his testimony and that of others, of about fifteen miles an hour. He saw the plaintiff, with one hand on the rear grabhandle of the coach, running along with the train, as the witness thought, but he did not see his feet. They may have been on the lower step. Knowing what was going to happen, Barker made one plunge for the whistle cord, grabbed it and signaled the engineer to stop the train. It is not clear whether this action immediately proceeded, was concurrent with, or immediately succeeded the accident at the bridge. In any event Barker did not see the accident for, feeling the train slowing up, he, being the flagman, hastened to his station in the rear to protect his train when it should come to a stand. On this testimony the court submitted the case. It was not disputed, nor was the witness impeached. It must therefore be taken as true.

The time when Barker first sighted the plaintiff until he was hurt by the girder is variously estimated to have been from two to six seconds. The jury, we think, were left to conjecture what steps Barker, in the emergency of the moment, might and should have taken to save the plaintiff after discovering the position of great peril into which he had put himself. 29 Cyc. 434. More than that, they were left to find from this evidence, as an essential element in the last clear chance doctrine, that Barker's action or lack of action amounted to gross negligence or negligence so gross, under the New Jersey rule, as to imply on his part a disregard of consequences or a willingness to inflict injury. We are unable to find anything in Barker's

testimony that sustains such a finding. Nor from Barker's testimony can we discover anything to sustain a finding that the plaintiff's act of holding on to the car and running with it was not concurrent with the actions of Barker. This observation, however, is limited to its connection with Barker's testimony and is made without significance to other aspects of the case not now under review which, conceivably, might embrace a situation begun before Barker saw the plaintiff grabbing the car handle and continued only because, in the emergency, he dared not let go. 29 Cyc. 434. However, on the case as submitted, we are unable to find that substantial quantum of evidence which justifies submission of a case to the jury. Evans v. Ely (C. C. A.) 13 F.(2d) 62, 64, 65.

[5, 6] For the guidance of the court at another trial on evidence similar to that produced at the first trial we rule adversely to the defendant on assignments specifying error in the court's refusal to charge the jury on the subject of an alleged trespass by the plaintiff on the defendant's property and on the defendant's contention that the plaintiff's action is barred by the provisions both of section 39 and section 55 of the General Railroad Law of the State of New Jersey (3 Comp. St. 1910, pp. 4240, 4245).

Having reviewed this case on the single theory of its submission and there found error, we decline to consider and decide any errors that might have been committed if the court had submitted or refused to submit it on other grounds.

We are constrained to reverse the judgment and award a venire de novo.