## BARNES *vs.* COLE & FITZHUGH.

In an action on the case against the owners of a steamboat, for negligence in the navigating of the vessel, whereby the plaintiff was injured, the *steersman* of the boat is a competent witness for the defendant, if it appear that he acted under the immediate direction of the master of the boat.

In such action, the plaintiff is not entitled to recover, if the injury is in any degree attributable to his own want of care; and where such is the fact, and he obtains a verdict, a new trial will be granted.

THIS was an action on the *case*, for negligently running down the plaintiff's *scow*, tried at the Onondaga circuit, in April, 1836, before the Hon. DANIEL MOSELEY, one of the circuit judges.

The plaintiff's scow lay at a dock or wharf in the Oswego river, at the village of Oswego, with the stern projecting westward beyond the end of the wharf from 8 to 16 feet into the river, at a place where the channel was narrow, and only from 50 to 70 feet wide. The defendants were owners of the steamboat *William Avery*, commanded by Capt. *Read*, and while in coming into the river from Lake Ontario, struck that part of the boat which projected beyond the wharf, and did the injury complained of. The accident happened in the night time, and the night was dark and foggy. One or two of the plaintiff's witnesses swore the scow had a light burning when they went to bed, but they could not say there was a light when the accident happened. All the defendant's witnesses agreed there was no light in the scow. Most of the witnesses said they had never known a boat or vessel to lie on the west side of the

Barnes v. Cole.

wharf, in the narrow channel in the night time; but some of the plaintiff's witnesses said they had known boats or vessels to lie there at night. Captain Read was in the immediate command of the boat at the time; he was on the promenade deck by the bell ropes; he was near the steersman, and acted as pilot. Immediately on discovering the scow, the bell was rung and the engine stopped, but the headway of the boat carried her against the scow. David McSwain was the steersman of the boat at the time, and being offered as a witness for the defendants, was rejected by the judge, on the ground that, being *steersman*, he was not a competent witness. The jury found a verdict for the plaintiff, and the defendants move for a new trial.

*J. A. Spencer*, for defendants.

*B. Davis Noxon*, for plaintiff.

*By the Court*, BRONSON, J.   Was McSwain properly excluded as a witness? He was at the helm at the time the accident happened; but the captain of the steamboat was at his side, acting as pilot. So far as appears, the steersman did nothing more than discharge his duty in obedience to the orders of his superior. If there was negligence any where, there was no evidence to show that he in particular was chargeable with it. Indeed upon the evidence, he must be taken to have acted in obedience to the orders of the master. Under such circumstances, it would be the master, and not the steersman, who would be liable to the defendants, who were the owners, in case of a recovery against them, and clearly the steersman could not be answerable to the captain for obeying his commands. It seems impossible then to maintain that the witness was interested. The case falls within the principle decided in *Noble & Palmer* v. *Paddock*, 19 Wendell, 456. That was an action against the captain, who was in the immediate command of his boat at the time of the accident, and in the absence of any proof to charge the injury upon the steersman, he was held to be a competent witness for the defend-

ant. The cases were there reviewed by the Chief Justice, and 1 need not, therefore, refer to them. The witness was improperly rejected.

The verdict was also, I think, plainly against the weight of evidence. I do not see how the plaintiff could escape the charge of having to some extent contributed to bring the misfortune upon himself, by leaving his boat in an improper situation.

New trial granted.