## VANDEGRIFT v. REDIKER.

1. An engineer in charge of a locomotive engine, held not to be liable for an accidental injury to a cow, which, suffered to go at large, had strayed on the railroad.

2. The owner of cattle is bound to keep them in his own close at his peril; and nothing but wilfulness on the part of the engineer would make him liable for the loss of a cow, so exposed by the fault of the owner.

This was an action of trespass, brought, before a justice of the peace of the county of Burlington, against the plaintiff in *certiorari* (who was defendant below), an engineer in the employ of the Camden and Amboy Railroad Company. The action was brought against him for killing the cow of the plaintiff below, by running against her with a locomotive, then in charge of the defendant. The justice gave judgment for the plaintiff below, and the defendant appealed to the Court of Common Pleas. On the appeal the judgment was affirmed by consent, a state of the case being agreed upon, in order that, upon *certiorari*, the cause might be settled in this court, upon the law as applicable to the facts. It was agreed that if the Supreme Court, upon the whole case, should be of opinion that the plaintiff was entitled to recover, the judgment of the pleas should be affirmed with costs; if otherwise, that the judgment should be reversed.

The evidence taken before the justice was fully stated, but it is unnecessary to repeat it at length. A short summary seems to be sufficient. The cow of the plaintiff below was at large, and had strayed on the railroad at an unenclosed part of the road near Bordentown, and just as the train, at its usual speed, was approaching the spot. It was an excursion, and not one of the regular trains. The railroad, at the place where the accident occurred, runs alongside the public road, and one standing on the track at that point can see down the road more than one-fourth of a mile. A witness, who saw the cow come from the woods and walk on the railroad alone, said he heard the approach of the cars, and the bell ring once before the cow was struck. A passenger in the train said he heard the bell tap twice; that the engine was reversed, and the speed

stopped.   He said, that from the tap of the bell until the accident occurred was but a few seconds; that the locomotive was not thrown off, or the train much detained, and that the engineer was a careful man.

*Bradley* and *Wall*, for the plaintiff in *certiorari*.

If this was not a case of inevitable accident, at any rate there was no wilful design, or such gross negligence as to amount to wilfulness.   It may be admitted, that if the act had been wilful the engineer would be liable; but short of wilfulness, the cow being illegally on the road, he is not liable. Every man is bound to keep his cattle on his own close. *Chambers* v. *Matthews*, 3 *Harr.* 368; *Coxe* v. *Robbins*, 4 *Halst.* 384; *Stafford* v. *Ingersoll*, 3 *Hill's N. Y. Rep.* 38; *Lyman* v. *Gibson*, 18 *Pickering's Rep.* 427; *Dovaston* v. *Payne*, 2 *H. Black.* 527; 3 *Black. Com.* 209, 211; 3 *Kent's Com.* 438.   The engineer was shown to be a careful man, and he was in the performance of a lawful duty.   *Charter of the Co.*, and *Turnpike Co.* v. *Railroad Co.*, 2 *Harr.* 314.   It cannot be presumed, therefore, that he would wilfully put in peril his own life and the lives of the passengers in his train. And no amount of mere carelessness will make a man liable as a trespasser, who is lawfully employed on his own property, or where he hath good right to be, to one who comes there illegally.   *Bush* v. *Brainard*, 1 *Cowen* 78; *Blyth* v. *Topham*, *Cro. Jac.* 158, *S. C.*, 1 *Roll. Ab.* 88; *Ilott* v. *Wilkes*, 3 *Barn. & Ald. Rep.* 304; *Sarch* v. *Blackburn*, 4 *C. & P.* 297; *Burckle* v. *N. Y. Dry Dock Co.*, 2 *Hall's Sup. Ct. Rep.* 151; *Rathbone* v. *Payne*, 19 *Wend.* 399; *Brown* v. *Maxwell*, 6 *Hill's Rep.* 592; *Burroughs* v. *Housatonic Railroad Co.*, 15 *Conn. Rep.* 124; *Deane* v. *Clayton*, 7 *Taunt.* 489, judgments of *Just. Park*, and *Ch. Just. Gibbs*.   The case differs widely from those of ordinary collisions on a public and common highway, by land or water, where both parties have an equal right to be; though if judged by the *principle* which prevails in *those cases*, the defendant would not be liable. *Lynch* v. *Nurdin*, 1 *Adolp. & Ellis, N. S.* 29; *Butterfield* v. *Forrester*, 11 *East* 60; *Bridge* v. *Grand Junction Railway*,

3 *Mees. & Welsb.* 244; *Davies* v. *Mann,* 10 *Mees & Welsb.* 545; *Wakeman* v. *Robinson,* 1 *Bingh. Rep.* 213; *Vanderplank* v. *Miller,* 1 *Moody & Malk.* 169; *Luxford* v. *Large,* 5 *C. & P.* 421; *Woodrose* v. *Sims,* 2 *Dodson's Adm. Rep.* 85; Judgment of *Lord Stowell, Rathbone* v. *Payne, qua supra; Davis* v. *Saunders,* 2 *Chit. Rep.* 639. Besides, it is contended that this was a case of involuntary trespass or inevitable accident, which never renders a party liable to an action. *Millen* v. *Fawdrey, Poph.* 161, *S. C., Latch* 13, 119, *W. Jones* 131; *Weaver* v. *Ward, Hobart's Rep.* 134; *Scott* v. *Shepherd,* 3 *Wils.* 403, *S. C.,* 2 *W. Black.* 892; *Brown* v. *Giles,* 1 *C. & P.* 118. Many cases in the books, which might at first sight seem against us, have depended on the form of pleading.; it being held that in trespass inevitable accident must be specially pleaded where the injury *resulted* from a *voluntary* act of defendant; though where he was merely an instrument of some overruling necessity, his will not concurring in the act from which the injury resulted, he may plead not guilty. *Hall* v. *Fearnley,* 3 *Ad. & El. N. S.* 919. Those cases cannot apply here, because no special pleading is required in a justice's court in New Jersey, and because we have set the special matter forth in the plea, if it *were* required.

*Vroom,* contra.

The cause was argued in April term last, before Justices NEVIUS, CARPENTER, and RANDOLPH, and the unanimous opinion of the court was read at the present term by

CARPENTER, J. When the act charged as a trespass was committed, whether that act was accidental or otherwise, the defendant, an engineer having charge of a locomotive, was engaged in the regular performance of his duty. This duty was a lawful one, and the company in running the engine on its railroad was clearly within the powers granted by its charter. The road had been built, and engines and cars placed thereon, for the purpose of transporting passengers and merchandise by means of steam power, in exact conformity with

the object of the act of incorporation.  *Turnpike Co.* v. *Camden and Amboy Railroad Co.*, 2 *Harr.* 314.

The duty, then, in which the defendant was engaged being lawful, neither he nor the company could be liable for any accidental injury which might occur in consequence of the passage of the train, unless there was a want of diligence and precaution, or the right was exercised in an unlawful and unreasonable manner.  Undoubtedly a company, intrusted with an agent of such dangerous character for its private and particular advantage, must use all reasonable diligence to prevent damage to the property of third persons.  If negligent, of course the company would be liable for all consequent injury to any one who had not deprived himself of his remedy by some default or misconduct on his own part.  *Burroughs* v. *Housatonic Railroad Co.*, 15 *Conn. Rep.* 124; *Garrison* v. *Railroad Co.*, 2 *Iredell* (*N. C.*) 324; *Piggott* v. *Eastern Counties Railway Co.*, 3 *C. B.* 229.

But the case shows that the cow was unlawfully at large, straying without control in a public thoroughfare, when killed by the locomotive.  At the common law it is well settled, that a man is not obliged to fence against any cattle, unless indeed it be against cattle rightfully in an adjoining close; but the owner is obliged to keep them in his own close at his peril.  The statutes of this state which prescribe the regulations as to fences, extend only to owners of adjoining closes, and owners of land are not compelled to protect themselves against trespasses committed by cattle suffered to wander at large and pasture upon the public roads.  The rule, it seems to me, must apply to a lawfully authorized railroad as well as to other property.  In this case it does not appear that the cow had escaped from the owner without any fault on his part, or that he had made fresh pursuit.  Any injury that might occur in case of such accidental escape, or that might occur to cattle being driven along the public highway, in consequence of the unfenced railroad, might admit of a different consideration.  But in this instance the cow when struck was trespassing, so far as appears without excuse, upon the property of the company.  *Coxe* v. *Robbins*, 4 *Halst.* 384; *Chambers* v. *Mat-*

*thews,* 3 *Harr.* 368; *Rust* v. *Low,* 6 *Mass.* 90; *Stackpole* v. *Healy,* 16 *Ib.* 33; *Stafford* v. *Ingersoll,* 3 *Hill* 38.

Under such a state of facts nothing but wilfulness on the part of the engineer, or such negligence as would amount to wilfulness, would make him liable for the loss of the cow so exposed by the fault of the owner. It was properly admitted by one of the counsel on the argument, that had the injury been wilful, the defendant would have been liable, and undoubtedly such is the rule. See *Brownel* v. *Flagley,* 5 *Hill* 282; Lord Denman, in *Lynch* v. *Nurdin,* 1 *Q. B.* 29; *Davies* v. *Mann,* 10 *M. & W.* 546; *Butterfield* v. *Forrester,* 11 *East* 60. But in case of mere negligence, not so gross as to evince recklessness or design, an action cannot be maintained by one, himself clearly in the wrong. It has been so held in cases arising upon the collision of carriages and vessels, as well as in other cases which present a strong analogy. There must be wrong as well as damage, and there is no legal injury where the loss is the result of the common fault of both parties. *Rathbun* v. *Payne,* 19 *Wend.* 399; *Barnes* v. *Cole,* 22 *Ib.* 188; *Butterfield* v. *Forrester, supra; Sarch* v. *Blackburn,* 4 *C. & P.* 297; *Vanderplank* v. *Miller,* 1 *Mood. and Malk.* 169.

It does not appear that there was any culpable negligence on the part of the engineer in the present instance. It is said in the evidence, as stated, that he was a careful man. According to the testimony of a passenger in the train, the bell was twice tapped, and the engine twice reversed, though, the whole occurrence being sudden, the collision almost immediately succeeded the notice thus given. We cannot presume that a careful man, charged, as was this defendant, with the safety of the numerous passengers in the train, would have periled their lives by wilfully running against a cow previously seen. The only circumstance which can give the least color to such a charge, is that the line of road, at the point where the accident occurred, could have been seen by the engineer from the distance of one-fourth of a mile, perhaps farther. But the train was in rapid motion. The exigencies of the business to which railroads at this day are applied require as much speed as is

consistent with safety.   The cow, alarmed by the approach of the engine, may, at the moment, have darted on the road, so that the view of the danger by the engineer and the collision may have been almost simultaneous.   We do not think, therefore, that this circumstance will authorize us to infer such gross negligence as will make the defendant liable.   We are of opinion that the judgment below must be reversed.

CITED *in* *Moore* v. *Cent. R. R. Co.*, 4 *Zab.* 273; *Price* v. *N. J. R. R. Co.*, 2 *Vr.* 240; *N. J. Ex. Co.* v. *Nichols*, 4 *Vr.* 440.