# CASES AT LAW

DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY,

NOVEMBER TERM, 1867.

---

## THE NEW JERSEY EXPRESS COMPANY v. JONATHAN V. NICHOLS.

1. Where a deposition is taken before a master in chancery in this state, in the presence of the counsel of the parties, the court will infer from his certificate that the witness was duly sworn—that the witness was sworn in accordance with the requirements of the statute authorizing the taking of depositions.

2. That the witness, who was the plaintiff, during his cross-examination, conferred with his counsel privately, notwithstanding the objections of the opposite counsel, will not make his deposition incompetent evidence; it is a circumstance that goes only to his credibility.

3. In an action to recover damages for personal injuries sustained by the negligence of the defendant, whereby the plaintiff, who was an architect, was incapacitated from pursuing his business, evidence of the nature and extent of his business is competent to go to the jury, not as furnishing a measure of damages, but to guide them in the exercise of that discretion as to the amount of damages which, to a certain extent, is vested in a jury in such cases; and for this purpose, it is competent to inquire of him as to the average annual income he has realized from his business.

4. The plaintiff in an action for injuries resulting from the negligence of the defendant, is not bound, as part of his case, to show affirmatively

434

that the injury was not occasioned or contributed to by any negligence on his part.

5. But if it appears by the plaintiff's evidence when he rests his case, that his own negligence contributed to the injury for which he sues, it is the duty of the court to non-suit, and in such cases a writ of error will lie for the refusal to grant the non-suit.

6. To conclude a plaintiff from maintaining an action to recover damages for injuries occasioned by the negligence of a defendant, on the ground that the injury was contributed to by his own conduct, it must appear that the plaintiff's conduct was negligent, and that his negligence contributed to the injury in such a manner, that if he had not been negligent, he would have received no injury from the negligence of the defendant.

7. If the injury was contributed to in this sense by the plaintiff's negligence, the comparative degrees of the negligence of the parties is immaterial. If the injury was occasioned in any degree by the plaintiff's own negligence, he is without redress, unless the act of the defendant amounted to a wilful trespass or intentional wrong.

------

In error to the Supreme Court.

For report of case, see 3 *Vroom* 166.

For plaintiffs in error, *C. Borcherling* and *B. Williamson.*

For defendant in error, *C. Parker.*

DEPUE, J.　This action was brought by the defendant in error against the plaintiffs in error, to recover damages for personal injuries received by him through the negligence of the driver of one of the wagons of the express company, in backing his wagon on the sidewalk of Lawrence street, in the city of Newark, whereby the plaintiff below was struck by the wagon and carried against an iron platform, and seriously injured.

At the trial, several exceptions were taken to the ruling of the court. The verdict was for the plaintiff below, and on writ of error to the Supreme Court the judgment was affirmed.

The first exception relied on was to the admission of the

deposition of the plaintiff, taken under the act authorizing commissions and the taking of depositions. *Nix. Dig.* 924.* The deposition was taken before a master in chancery in this state, in the presence of the counsel of the respective parties. The officer certifies that the witness, who was the plaintiff, was duly sworn. The certificate does not state, in the words of the seventh section of the statute, that the witness was sworn to testify the whole truth. The act does not require the officer to certify the manner in which the oath was administered. In this respect, the seventh section is only directory ; and where the deposition is taken in the state, before an officer of the court, and in the presence of the counsel of both parties, the court will imply from the certificate of the commissioner that the witness was duly sworn—that the oath was administered in the legal form. *Ludlow* v. *Broderick*, 3 *Green* 269, 272 ; *Burley* v. *Kitchell*, *Spencer* 305; *Halleran* v. *Field*, 23 *Wend.* 38.

The defendant's counsel further objected to the reception of the deposition in evidence, on the ground that the witness, during his cross-examination, conferred with his own counsel, notwithstanding the objection of the defendant's counsel. Assuming that the conference was in relation to the answers the witness should give to questions which might be put to him on cross-examination, it would afford no ground for excluding his deposition. The witness was a competent witness, and his evidence was taken in a manner made lawful by statute, and in accordance therewith. That he was guilty of the indelicacy of holding a conference with his counsel during the examination did not make him an incompetent witness. It is a circumstance that should affect his credibility, but would not warrant the excluding of his deposition. *Commercial Bank* v. *Union Bank*, 19 *Barb.* 392 ; *S. C.*, 1 *Kernan* 203.

The plaintiff, on his examination-in-chief, after proving that his business was that of an architect, was asked the following question : " What was your average annual profits in your business ?" To which he answered, " The average was

* *Rev.*, p. 382.

about twenty-five hundred dollars—that is, the average income." When the deposition was offered to be read in evidence, the defendant's counsel objected to the reading of this question and answer, for the reason that, if read in evidence, and allowed by the court to be considered by the jury, it would tend to lead the jury to an indefinite inquiry, which would be contrary to law. The court overruled the objection, and permitted the question and answer to be read to the jury. In actions founded on contract, evidence of the loss of profits resulting from non-performance has, in some instances, been rejected as too speculative and uncertain to be made the means of arriving at compensation as the measure of damages. But in actions of tort, where the *quantum* of damages is very much within the discretion of the jury, evidence of the nature and extent of the plaintiff's business, and the general rate of profit he has realized therefrom, which has been interrupted by the defendant's wrongful act, is properly received, not on the ground of its furnishing a measure of damages to be adopted by the jury, but to be taken into consideration by the jury, to guide them in the exercise of that discretion which, to a certain extent, is always vested in the jury. *Sedg. Dama.* 92 ; *Ingram* v. *Lawson*, 6 *Bing. N. C.* 212 ; *Allison* v. *Chandler*, 11 *Mich.* 543 ; *Taylor* v. *Dustin*, 43 *N. H.* 493 ; *Somans* v. *Brown*, 5 *R. I.* 299 ; *Wade* v. *Leroy*, 20 *How.* 34 ; *Lincoln* v. *The Saratoga and Schenectady R. R. Co.*, 23 *Wend.* 425.

The plaintiff was an architect—a business depending on his personal services as much as that of a common laborer, a clerk, or a mechanic, and his emoluments were the result of his own earnings. By reason of the injuries he received, he was for a time incapacitated from pursuing his occupation, and sustained damages by reason thereof. These damages resulted proximately from the wrongful act of the defendant's servants, and obviously should be included in the compensation to be awarded to him. To what extent he had sustained pecuniary injury in that respect must depend upon the nature and extent of his business; and the jury would

not be in a condition to reach any correct conclusion on that subject, unless they had before them some evidence of the value of the services to himself.

The evidence was competent in the cause to go to the jury, to be taken into consideration by them, and allowed such weight as they, in the exercise of good sense and sound discretion, should think it entitled to.

No exception was taken to the charge of the court as to the effect to be given to the evidence, and it is to be presumed that the jury were rightfully instructed on the subject.

When the plaintiff rested his case a motion was made to nonsuit, on the ground that the plaintiff, by his own evidence, was not entitled to recover.

The reasons assigned in the court below why the nonsuit should be granted, were, as appears by the bill of exceptions, that the plaintiff was bound to prove not only that the injury by him sustained was caused substantially and proximately by the negligence of the defendants, but also that the plaintiff was free from negligence, and did not, by his own conduct, contribute to the injury complained of; and the plaintiff in this case having failed to make proof accordingly, that the said defendants were entitled to a nonsuit. The judge overruled this motion, and this constitutes the fourth exception relied on.

This exception proceeds upon the ground that the plaintiff, in an action for injuries occasioned by negligence, is bound to prove affirmatively, as part of his case, that the injury he complains of was not occasioned or contributed to by any negligence on his part. The law in this state has been settled otherwise in this court, in *Durant* v. *Palmer*, 5 *Dutcher* 544, 547 ; and at the present term, in the case of *Drake* v. *Mount*, this court considered that question so completely set at rest, that we refused to hear an argument on the point. It is, undoubtedly, the law of this state, that if it appears by the plaintiff's evidence, that his own negligence contributed to the injury, it is the duty of the court to nonsuit, and a writ of error will lie for the refusal to grant a nonsuit in such

cases. *Central R. R. Co.* v. *Moore,* 4 *Zab.* 824 ; *Aycrigg's Executors* v. *N. Y. and Erie R. R. Co.,* 1 *Vroom* 460 ; *Harper* v. *The Erie R. R. Co.,* Supreme Court, June Term, 1866 ; *New Jersey R. R. Co.* v. *West,* Court of Errors, June Term, 1867.

But the plaintiff is not, as a condition precedent to his right to maintain his action, bound to prove affirmatively that the injury was not contributed to by his own negligence, under the penalty of being non-suited.

It is also assumed by the exception, and was argued here, that if the plaintiff, by his own conduct, contributed to the injury complained of, he cannot recover. This statement of the principle is incorrect. In many cases where the plaintiff's conduct was, to some extent, contributory to his injury, he has been allowed to recover. In fact, it would be difficult to conceive of any case in which the conduct of the party injured might not, in some sense, be said to have contributed to his injuries. To conclude him from maintaining his action, his conduct must have been negligent, and his negligence must have contributed to the injury in such a way that if he had not been negligent, he would have received no injury from the negligence of the defendant. This is substantially the rule laid down in the cases cited above, and in *Runyon* v. *The C. R. R. Co.,* 1 *Dutcher* 566 ; *Telfer* v. *The Northern R. R. Co.,* 1 *Vroom* 188.

But if the plaintiff's negligence is established, the comparative degrees of the negligence of the parties is immaterial, for the reason that it would be impossible to say that, without such fault on his part, the occurrence would have happened. The injury must be attributable to the defendant's negligence, and to that alone ; if occasioned, in any degree by the plaintiff's own negligence, he is without redress. *Barnes* v. *Cole,* 21 *Wend.* 188 ; *Harkfield* v. *Roper, Ib.* 615 ; *Simpson* v. *Hand,* 6 *Whart.* 311 ; *Hawkins* v. *Cooper,* 8 *C. & P.* 473 ; *Smith* v. *Smith,* 2 *Pick.* 621, 623 ; *Wild's adm'r* v. *The Hudson River R. R. Co.,* 24 *N. Y.* 430. Unless the act of the defendant amounted to a wilful trespass or intentional

wrong.  *Brownell* v. *Flagler,* 5 *Hill* 282; *Wynn* v. *Allard,* 5 *W. & S.* 524; *Vandegrift* v. *Rediker,* 2 *Zab.* 185, 189.

Negligence is a relative term, depending upon the circumstances under which the injury was received, and the obligation which rests on the party injured to care for his personal safety.  A person crossing a railroad track, though rightfully there, must be on the alert, to avoid injury from trains that may happen to be passing; so one walking along the carriage way of a public street, must exercise caution to escape being run over by vehicles; but a person walking along the sidewalk, which is appropriated exclusively to pedestrians, need not observe the same care as would be required of him in crossing the track of a railroad, or walking along the carriage way of a crowded street.  If he observes as much care and circumspection as would serve to protect him from such dangers as are usually incident to walking on the sidewalks, he cannot be said to have omitted such precautions as would preclude him from maintaining an action for injuries he may receive from wagons wrongfully there, unless it appear, that being aware of the extraordinary risks to which he is exposed, he rashly places himself in the way of danger.

In this case the plaintiff was walking along the sidewalk of Lawrence street towards the Market street depot, in haste to catch a train to take passage for New York, in company with a friend, Mr. Beach, with whom he was engaged in conversation.  When he approached near the corner of Lawrence and Market streets, he saw the wagon of the defendants, being backed from the street towards the sidewalk.  He stopped within two feet of the wheel of the wagon, to see what the driver intended to do.  At that moment the wagon also stopped and stood still, within three feet and a half of the platform.  While the plaintiff was standing still waiting to see what the driver would do, he heard the cry of stop from a man standing on the sidewalk, which he supposed was addressed to the driver, and presuming that the wagon had been stopped to let them through, the parties attempted to pass through, and at that moment the wagon was again

started backward. Mr. Beach got through in safety, but the plaintiff was caught between the wagon and the platform, and was injured.

The defendant's wagon was on the sidewalk in violation of a city ordinance, and contrary to law. There was ample space between the wagon where it stopped and the platform to permit the plaintiff to pass in safety. He had a right to assume that the wagon had been stopped to allow him and his friend to pass, as was the duty of the driver, and was guilty of no negligence in making the effort.

It was said that he might have taken to the street, and thus avoided all danger.

It is a sufficient answer so say that he was under no obligation to do so. He had a right to the use of the sidewalk, and was under no obligation to surrender it to the defendant's wagon, which was wrongfully on the sidewalk.

There is no error in the judgment below, and it must be affirmed.

*For affirmance*—The CHANCELLOR, VREDENBURGH, WOODHULL, DEPUE, DALRIMPLE, OGDEN, FORT, WALES, VAIL, KENNEDY. 10.

*For reversal*—None.

CITED *in Wolcott, Johnson & Co.,* v. *Mount,* 7 *Vr.* 269; *Del., Lack. & W. R. R. Co.* v. *Toffey,* 9 *Vr.* 529.

