PETER YOUNG, PLAINTIFF-APPELLANT, v. DR. FRED J. CRESCENTE, DEFENDANT-RESPONDENT.

Submitted May 26, 1944—Decided October 6, 1944.

For the plaintiff-appellant, *David Cohn* and *Lawrence Diamond*.

For the defendant-respondent, *Morrison, Lloyd & Morrison* (*Francis V. D. Lloyd,* of counsel).

The opinion of the court was delivered by

WELLS, J. The plaintiff, Peter Young, brought two suits in the Supreme Court against two physicians, Dr. J. Thompson Stevens and Dr. Fred J. Crescente, as principals, seeking damages for alleged malpractice. The suits were tried together at the Passaic Circuit. The case against Dr. Stevens was submitted to the jury resulting in a verdict and judgment against him for $8,000 in favor of the plaintiff, Young. An appeal was taken by Dr. Stevens from this judgment to this court and affirmed September 14th, 1944. The case against Dr. Crescente resulted in a nonsuit directed by the trial court in his favor and against the plaintiff, Young. This is an appeal by Young from the judgment entered on said nonsuit.

In his complaint plaintiff alleged substantially that on and after August 15th, 1939, and for sometime prior thereto, Dr. Stevens, defendant in the other suit, was a practicing physician with offices in New York City and Montclair, New Jersey, and the defendant, Dr. Crescente, was a practicing physician with offices in Paterson, New Jersey, and associated with the defendant, Dr. Stevens, with offices in the City of New York; that on and after August 15th, 1939, the plaintiff, Young, was suffering from a condition in and about his rectum and consulted the defendants (meaning Drs. Stevens and Crescente) for said condition and for professional treatment thereon; that thereafter the defendants prescribed a course of treatments for said condition and pursuant to the retention and employment of said defendants by the plaintiff to perform the medical services and render the service and treatment to heal and cure said condition, the said plaintiff did enter into an agreement for the payment of the charge of said defendants who did in accordance with said agreement institute a course of treatment; and for the professional services rendered by said defendants in accordance with said agreement the plaintiff did pay said defendants and did reward them in accordance with their undertaking and agreement made with plaintiff; that the last professional services rendered by the defendants to the plaintiff were in May, 1940, and at which time and prior thereto, as part of the course of treatments employed by defendants, plaintiff was forced to submit to X-ray and deep X-ray therapy, and despite their duties to render the professional services and treatments to plaintiff in a careful and skillful manner, defendants did carelessly, negligently, improperly and unskillfully perform the services so that as a proximate result thereof plaintiff received bodily injuries from which he suffered and still suffers and for which he seeks compensation from both defendants. This was the only count in the complaint.

The answer of the defendant, Dr. Crescente, denies these allegations. Counsel for plaintiff in his brief said: "The pleadings and the proofs adduced to support the pleadings, clearly frame the issues, namely; first, the one of negligence; secondly, the existence of the relationship between the par-

ties; and third, that both Dr. Stevens and Dr. Crescente were principals and agents and that between them engaged in a joint enterprise or joint understanding respecting the treatment of the plaintiff herein; * * *."

This statement is in conformity with the allegations of the complaint and with the opening by plaintiff's counsel to the jury wherein he said: "We are going to establish that Dr. Fred Crescente was associated with the defendant, Stevens, as an assistant and professional associate, and that he was such and held himself out to be such to the plaintiff in 1939. We are going to establish these two men held themselves out as specialists dealing in the field of radiology, which was a field dealing in the treatment of diseases and conditions by the use of this machine."

Counsel for plaintiff also said in his brief that "no one on Dr. Crescente's part ever denied the existence of the relationship as charged." Counsel is mistaken about this. True, because of the nonsuit, there was no testimony by anyone offered on Dr. Crescente's part in denial of his alleged relationship with Dr. Stevens. However, Dr. Crescente's answer denied the allegation of the complaint as to his relationship with Dr. Stevens. Likewise, Dr. Crescente's counsel denied it in his opening to the jury wherein he also stated that he would show that Dr. Crescente was a paid employee of Dr. Stevens, who was an X-ray specialist; that the people came to see Dr. Stevens and not Dr. Crescente and that Dr. Stevens diagnosed their condition and prescribed their treatment; that Dr. Crescente did what he was told by Dr. Stevens to do; that there was a nurse there, and they both followed the instructions of Dr. Stevens. So that, both by the answer and by the opening of counsel of Dr. Crescente, the plaintiff was fully apprised that Dr. Crescente denied the existence of the relationship charged in the complaint, and plaintiff, therefore, knew that the burden of proof was on him to show that the two were principals and engaged in a joint enterprise. The issue was, therefore, were Dr. Crescente and Dr. Stevens associates. The relation of patient and physician rests upon a contract, either express or implied. It is almost always implied rather than express, but here the complaint

specifically and solely alleged an express contract between plaintiff and Dr. Crescente and Dr. Stevens as associates. An action for malpractice is an action in negligence. It is based upon the physician's failure to comply with the duty which the law raises up from his contract of employment.

"In malpractice action, plaintiff must establish by convincing evidence relationship of physician and patient; that physician violated duty to patient, which violation caused injury, without contributory negligence." *Greenstein* v. *Fornell,* 257 *N. Y. Supp.* 673; 143 *Misc. N. Y.* 880. The question, therefore, is was there any evidence from which the jury could reasonably conclude that Dr. Crescente had been hired by the plaintiff. We are unable to find any. The plaintiff was the only one who testified as to his relationship with Dr. Stevens and Dr. Crescente. The substance of his testimony on this point was that prior to his visit to Dr. Stevens, plaintiff had consulted a Dr. Kanning who informed him he had a pilonidal cyst and recommended an operation for its removal, which plaintiff was unwilling to submit to. Through a friend he learned of Dr. Stevens and made an appointment to meet him in his New York office with the hope that he might cure him without an operation. He had never seen or heard of Dr. Crescente until he met him at Dr. Stevens' office.

Dr. Stevens examined him. Dr. Crescente was present merely looking on. Plaintiff said that Dr. Stevens diagnosed his case as pilonidal cyst (Dr. Stevens denied this); that Dr. Stevens prescribed X-ray treatment, the quantity and frequency, and administered all of the six treatments given except the third and fourth, which plaintiff said were given by Dr. Crescente. The only part of the treatments plaintiff saw Dr. Crescente give him was the application to and removal from his back of the machine. The electricity was turned on and off in a room other than the one in which plaintiff was treated, and plaintiff admitted he didn't know who turned it on or off.

All arrangements as to the amount of fees were made by plaintiff with Dr. Stevens. All bills for services were payable to Dr. Stevens and made out on his billheads and paid by

plaintiff to him or his secretary. There was no testimony that Dr. Crescente received any part of the fees paid by plaintiff to Dr. Stevens. There was no proof of any advertisement that Dr. Crescente and Dr. Stevens held themselves out as associates or that Dr. Crescente in any way undertook to direct the treatment to be given plaintiff. On the contrary, the testimony indicated that Dr. Crescente merely continued the same treatment which had been prescribed and given by Dr. Stevens.

From the presentation of plaintiff's proofs it may be gathered that he makes two points; first, that the two doctors, as principals, negligently and unskillfully made an improper diagnosis and second, that having missed the diagnosis they gave plaintiff X-ray treatments which were not proper for his ailment. We fail to find any evidence of any improper operation of the X-ray machine. There was no convincing testimony that Dr. Crescente diagnosed plaintiff's condition or was guilty of any negligence resulting in burns or other injury to plaintiff. Even if there were, it would not support a verdict on the issue pleaded and tried, for there was no evidence supporting the allegation that Dr. Crescente was a co-principal with or associate of Dr. Stevens or responsible in any way as such for the negligence of Dr. Stevens either in the diagnosis or treatment of the case. There was nothing whatever to indicate that plaintiff knowingly sought the services of Dr. Crescente or entrusted himself to his care or that Dr. Crescente knowingly accepted plaintiff as a patient.

Plaintiff argues (and cites cases and text books in support of his argument) that in order to establish a case of malpractice he need not prove the existence of a contract between himself and Dr. Crescente, and even if there was no contractual relation of physician and patient existing between them, he was entitled to go to the jury when Dr. Crescente undertook to treat him, and that, even if Dr. Crescente was a volunteer, serving gratuitously, a nonsuit was error. We do not dispute the soundness of these legal principles when applied to such cases as those cited by plaintiff, where under the pleadings and proofs, they were applicable, but we do not regard them as applicable here, where under the issues

as raised and framed by the pleadings, we are dealing with an express, and not an implied, contractual relation.

This court held in *Garibaldi* v. *Rubenstein,* 99 *N. J. L.* 223, that it is a well settled rule of practice in the trial of civil cases that 'the questions submitted to the jury should be within the issues raised and framed by the pleadings; and that it is error to submit to the jury questions which are not within the issues raised by the pleadings. To the same effect, see *Killeen* v. *Public Service Co-ordinated Transport Co.,* 10 *N. J. Mis. R.* 366; *affirmed,* 110 *N. J. L.* 21; *Drew* v. *Cregar,* 98 *Id.* 150.

We are of the opinion that at the close of the plaintiff's case the proofs did not meet the allegations contained in the complaint and that there was no evidence which was then before the court under which Dr. Crescente could be held as the case was then pleaded.

The judgment is, therefore, affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 13.

*For reversal*—DONGES, HEHER, PERSKIE, JJ. 3.