61 N.J. Super. 446 (1960)
161 A.2d 267
ELDON TABOR AND EDWARD J. CALLAHAN, PLAINTIFFS-RESPONDENTS,
v.
JOSEPH O'GRADY, DEFENDANT, AND WILLIAM O'GRADY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Resubmitted without Argument March 29, 1960.
Decided May 31, 1960.
*449 Before Judges CONFORD, FREUND and HANEMAN.
Mr. Sidney M. Schreiber argued the cause for defendant-appellant (Messrs. Schreiber, Lancaster & Demos, attorneys; Messrs. Sidney M. Schreiber and Roger F. Lancaster, of counsel).
Mr. Jerome B. Litvak argued the cause for plaintiffs-respondents (Messrs. Braff, Litvak & Ertag, attorneys; Messrs. Jerome B. Litvak and Paul H. Greenberg, of counsel).
The opinion of the court was delivered by FREUND, J.A.D.
We have granted defendant's petition and plaintiffs' cross-petition for rehearing, both parties desiring us to reconsider the views we expressed on the availability of the defense of contributory negligence in this case, and to review various other matters considered in the opinion. Tabor v. O'Grady, 59 N.J. Super. 330 (App. Div. 1960). Briefs have been filed by the parties in support of the respective positions taken.
*450 It will be recalled that plaintiffs were rear-seat passengers in an automobile recklessly driven by defendant O'Grady in the early hours of the morning; that plaintiffs may have been intoxicated; and that they did not remonstrate with O'Grady or leave the car when a reasonable opportunity may have been afforded. We reversed a jury verdict for plaintiffs because of the prejudicial remarks of their attorney in summation. On defendant-appellant's contention that plaintiff Tabor was guilty of contributory negligence and assumption of risk as a matter of law, we ruled that it was for a jury to say, on retrial of the cause, whether plaintiffs were contributory negligent in respect to their failure to alight, and that under our cases voluntary intoxication would not excuse any default in that regard. In the course of our opinion, however, we indicated that even if plaintiffs were found not to have used ordinary care in failing to remove themselves from the car, they might still recover if the defendant was found guilty not merely of negligence but of willful or wanton misconduct. 59 N.J. Super., at page 340.
The rule that contributory negligence is not a defense assertable by one who is guilty of recklessness or wanton misconduct  argued by defendant to be non-existent in New Jersey  was stated as far back as Vandegrift v. Rediker, 22 N.J.L. 185, 189 (Sup. Ct. 1849). It was there recognized that where an accident is the common fault of the parties, the action may nevertheless be maintained against one whose conduct was "so gross as to evince recklessness or design." This is justified on the reasoning that a serious wrongdoer should not escape liability because of the relatively trivial misstep of the plaintiff. 2 Harper & James, The Law of Torts (1956), § 22.6, p. 1214. As we indicated in the opinion, the rule was reiterated by the Court of Errors and Appeals in Camden, G. & W. Ry. Co. v. Preston, 59 N.J.L. 264, 266-267 (E. & A. 1896).
Defendant suggests that if the rule does exist, its application is limited to cases of intentional tort. It is true *451 that in restating the principle most of our cases have stressed the element of willfulness or intentional wrongdoing on the defendant's part. In Hartman v. City of Brigantine, 23 N.J. 530, 532 (1957), for example, it was said that a negligent plaintiff cannot recover "unless the defendant's act was a willful trespass, or amounted to an intentional wrong, * * *." See also Seipel v. Sevek, 53 N.J. Super. 151, 160 (App. Div. 1958), reversed on other grounds 29 N.J. 593 (1959). In these and such kindred cases as New Jersey Express Co. v. Nichols, 33 N.J.L. 434, 439-440 (E. & A. 1867), and Menger v. Laur, 55 N.J.L. 205, 215 (Sup. Ct. 1893), the rule was impliedly considered not to be theoretically incompatible with the rejection of the doctrine of comparative negligence. Cf. Maccia v. Tynes, 39 N.J. Super. 1, 7 (App. Div. 1956).
We do not believe these decisions can be regarded as narrowing the scope of the rule as it was stated in the Vandegrift and Preston cases. If the emphasis on willfulness and intentional wrongdoing in the more modern formulation were to be taken as meaning that the defendant must have actually intended to inflict harm on his victim, then we would agree that the facts of this case would not sustain its application. O'Grady bore no ill will toward plaintiffs, and there was no proof that he drove as he did deliberately to injure them. Our conception of the principle under consideration, however, is that wanton or willful misconduct does not require the establishment of a positive intent to injure. That element of intent is constructively supplied where there is proof that the actor, "with knowledge of existing conditions, and conscious from such knowledge that injury will likely or probably result from his conduct, and with reckless indifference to the consequences, consciously and intentionally does some wrongful act or omits to discharge some duty which produces the injurious result." Staub v. Public Service Ry. Co., 97 N.J.L. 297, 300 (E. & A. 1922). His wrongful act will then be deemed to *452 involve the same legal consequences as if it had been an intentional tort, regardless of his actual state of mind.
The view that the "willfulness" indicated is not an actual fact but a legal implication drawn from proof of wanton misconduct, shared by all members of a divided court in Rose v. Campbell, 102 N.J.L. 449 (E. & A. 1926), is now settled law in this jurisdiction. See King v. Patrylow, 15 N.J. Super. 429, 433 (App. Div. 1951); 1 Stevenson, Negligence in the Atlantic States (1954), § 16, p. 28. See also Krauth v. Geller, 31 N.J. 270, 277 (1960). To be sure, the nature of willful and wanton misconduct was considered in King v. Patrylow in the course of an inquiry as to whether a master would be liable for his servant's willful torts; in Rose v. Campbell and Krauth v. Geller it was analyzed in terms of the duty owed a licensee and fireman, respectively; and in Eatley v. Mayer, 9 N.J. Misc. 918, 154 A. 10 (Cir. Ct. 1931), the question was whether a wanton act would support a charge for punitive damages. But the discussion of the concept in these cases transcends the actual point decided. We think they require the conclusion that, even for purposes of deciding the availability of the defense of contributory negligence, the defendant's conduct may be willful and wanton without the existence in fact of an intent to injure the person harmed.
We point out that the rule that we are here reaffirming should not be considered as a step in the direction of comparative negligence notwithstanding that the fault of the parties is compared. The doctrine of comparative negligence involves a reduction of plaintiff's damages in proportion to his negligence; the present rule differs in that plaintiff's mere negligence has no legal consequence whatever.
Since it was not disputed that O'Grady consciously and intentionally engaged in manifestly dangerous conduct with an utter disregard for the consequences his driving would in all probability produce, we now hold that his action passed entirely beyond mere negligence (of any *453 degree) and that he was guilty of willful and wanton misconduct as a matter of law. Although we made passing reference at one point in the former opinion to his driving as being but "grossly negligent," the evidence at the trial admits only of the foregoing conclusion. On the remand, the trial judge should so rule before submitting the matter to the jury.
Defendant argues that our opinion could be construed as holding that even extreme culpability on the part of a plaintiff in voluntarily exposing himself to the risk of defendant's recklessness would not bar his redress. It is urged that, according to the weight of authority, wantonness of the plaintiff is a defense to an action for wanton misconduct. We agree that the rule as we declared it is properly subject to this qualification. If plaintiffs recklessly exposed themselves to the risk of defendant's reckless conduct (or willful and wanton misconduct) and thereby contributed to their injuries, they will still be barred by the rule of contributory fault. 2 Restatement, Torts, §§ 482(2), 503(2); 2 Harper & James, op. cit., supra, § 22.6, pp. 1214-15; 65 C.J.S. Negligence § 131a, p. 753 (1950); 38 Am. Jur., Negligence, § 178, p. 856 (1941); Annotation, 41 A.L.R. 1379 (1926). We did not intend to hold otherwise. The trial court will be so guided on the retrial.
On the motion for new trial defendant conceded that the only aspect in which his case may have been prejudiced by plaintiffs' improper summation was in the assessment of plaintiffs' conduct. The verdicts awarded by the jury have not been contended to be excessive. No prejudice can result to defendant if plaintiffs are not required to relitigate the issue of damages. We have the power to order a new trial limited to the issue of liability and, in view of the undisputed reasonableness of the verdicts, have decided that this is an appropriate instance so to do. Greenberg v. Stanley, 30 N.J. 485, 506-507 (1959).
There remains for consideration still another point which, in view of the scope of the issues for retrial emerging from *454 this disposition of the arguments on rehearing, we conceive must also be clarified in the interests of guidance of the trial court and a sound ultimate determination of the case. We have already ruled on this appeal that if plaintiffs had been under the influence of alcohol, they would nevertheless not be relieved, by mere reason of that fact, from the obligation to exercise the care of reasonably prudent and sober men. Plaintiffs do not seriously challenge the principle that voluntary intoxication does not excuse contributory negligence. (We do not have before us facts calling for discussion of the standard of care that would be required if plaintiffs had actually been unconscious or asleep due to intoxication.)
However, we think a somewhat different analysis must be pursued where, as here, the defense asserted is not contributory negligence but contributory wantonness. As noted above, wantonness differs from negligence not merely in degree but in kind. The established test of willful and wanton misconduct in this jurisdiction is set forth in Staub v. Public Service Ry. Co., supra, 97 N.J.L., at page 300:
"To establish a willful or wanton injury it is necessary to show that one with knowledge of existing conditions, and conscious from such knowledge that injury will likely or probably result from his conduct, and with reckless indifference to the consequences, consciously and intentionally does some wrongful act or omits to discharge some duty which produces the injurious result." (Emphasis supplied)
See Egan v. Erie R.R. Co., 29 N.J. 243, 254-255 (1959). In the present case, if plaintiffs lacked the capacity to appreciate the recklessness of O'Grady's driving because they were intoxicated, they might not have had, as a matter of subjective fact, such "knowledge of existing conditions" as would brand their remaining in the car a wanton act. By the same token, if they were intoxicated, they might not have "consciously and intentionally" failed to discharge the duty to alight. While wantonness does not require an intent to do or suffer harm, see above, it does require an intention *455 to engage in conduct that the actor knows or in certain instances should know is manifestly dangerous. See Krauth v. Geller, supra, 31 N.J., at page 277 (consciousness of probable harm may be actual or imputed); 2 Restatement, Torts, § 500, comments b and c, pp. 1294-95.
We are not to be understood as holding that drunkenness precludes a finding of recklessness or wanton misconduct. The actor's being in that condition ordinarily conduces to a finding of recklessness, as, for example, in drunken driving cases. The fact that one is driving while intoxicated is generally a culpable circumstance, not conclusive of liability but supportive of a finding thereof. See, e.g., Roether v. Pearson, 36 N.J. Super. 465, 467 (App. Div. 1955). One explanation which has been given for this is that the actor's inability to perceive the risks of his reckless driving is due to his own previous reprehensible conduct in becoming intoxicated at a time when later driving was contemplated and the risk could have been foreseen. Because the actor is depriving himself of the ability to perceive or react to a foreseeable risk, the law imposes liability in part for the causal fault in becoming intoxicated. 1 Stevenson, op. cit., supra, § 109, p. 188. In our view, however, the very act of operating a car should ordinarily import such consciousness of the risk involved if intoxicated as will preclude immunity from a charge of wantonness based upon the excuse of intoxication.
Here, however, in application to plaintiffs' duty the circumstances are entirely different. At the time Tabor and Callahan imbibed, they had not even met O'Grady and could not have thought that their drinking would involve any impairment of their capacity to react to peril. Their becoming intoxicated was not a reckless exposure to the risk of O'Grady's driving. Since their intoxication, if such existed, did not directly result in any increase in the risk, this is not an instance in which plaintiffs should be charged with knowing participation in manifestly dangerous conduct. It is our considered judgment that, if Tabor and Callahan *456 did not leave the car because they were under the influence of alcohol to such a degree as impaired their capacity to comprehend the peril of remaining in it, they cannot be found guilty of contributory wantonness.
We have ruled that O'Grady was guilty of willful and wanton misconduct as a matter of law. It follows that, under the principle discussed, the defense of contributory negligence is not available in its usual aspect. Consequently, the jury will be instructed at the retrial that plaintiffs are barred only if their conduct amounted to wanton and willful exposure of themselves to the danger of riding or continuing to ride with O'Grady and that if by reason of intoxication they, or either of them, were not conscious of the peril, such condition will not bar their recovery. And since there is to be a new trial, we express no opinion on whether there was a jury question on the latter narrow issue at the trial below.
We have considered other points raised in the cross-petition for rehearing and find them without merit.
Our conclusion remains that the matter must be reversed and remanded for a new trial on the issues indicated in our former opinion as modified herein.