71 N.J. Super. 182 (1961)
176 A.2d 546
GEORGE BEADLING, PLAINTIFF,
v.
E. BERNARD SIROTTA AND SAMUEL LANGSTON COMPANY, A N.J. CORP., DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided December 4, 1961.
*183 For Motion  Messrs. Bleakly, Stockwell & Zink (by Mr. Charles McGeary), attorney for defendant Langston.
For Motion  Messrs. McCord, Farrell & Eynon (by Mr. Sidney P. McCord), attorney for defendant Sirotta.
Contra  Messrs. Dimon, Haines & Bunting (by Mr. Martin Haines), attorneys for plaintiff Beadling.
WOOD, J.C.C.
This case is before the court upon the separate motions of the defendants E. Bernard Sirotta and Samuel M. Langston Co., for summary judgment in their favor.
Plaintiff alleges that he made application to defendant Langston Company for a job; that his application was accepted and that he was sent to one Dr. Milnamow for *184 examination; that Dr. Milnamow in turn referred plaintiff to defendant Dr. Sirotta for x-ray examination; that defendant Sirotta took x-ray pictures and reported that they disclosed the presence of reactivated tuberculosis; that the report was erroneous and that the error was the result of negligence on the part of defendant Sirotta, in the making of the x-ray examination, diagnosis and report; that as the result of this erroneous report plaintiff was unable to secure his anticipated employment, and also lost his existing employment for an extended period of time, and further that he was put to considerable expense because he underwent further examinations and tests in connection with the supposed tubercular condition.
As to the defendant Langston, plaintiff alleges that defendant Sirotta was acting as Langston's agent or servant and that Langston is answerable to the plaintiff under the doctrine of respondeat superior.
Defendants base their motions upon the following grounds, which are set forth in identical language in both motions:
1. That there is no genuine dispute as to issue of fact
2. The facts do not support a cause of action in favor of the plaintiff
3. Any cause of action in favor of the plaintiff is barred by the statute of limitations.

I. The motion of the defendant Sirotta:

This defendant argues that this case is analogous to the defamation cases. Upon that premise, he argues that the report must be considered as in the nature of a libellous or defamatory statement, and that, this being so, the action must be dismissed because it is barred by the statute of limitations, N.J.S. 2A:14-3. Additionally defendant argues that the report is privileged as a communication made upon a subject matter as to which the party communicating has an interest or duty, if made to a person having a corresponding interest or duty. Jorgensen v. Pennsylvania R. Co., 25 N.J. 541, 564 (1958).
*185 Further the defendant argues that the action cannot be sustained as a malicious interference with the employment of the plaintiff because, even if there was an interference, there is no allegation that it was malicious. Sokolay v. Edlin, 65 N.J. Super. 112, 128 (App. Div. 1961).
Finally defendant argues that the only duty which he owed was to the defendant Langston for whom he made the examination, and he owed no duty to the plaintiff since there was no relationship between them of doctor and patient.
As to the arguments based on the doctrines of libel and malicious interference with employment, I consider the analogy drawn by the defendant inapt. The allegations set forth in the complaint and the pretrial order are not grounded either in defamation or in malicious interference. Rather the plaintiff's contention is that there was a duty owed to him by the defendant Sirotta which was violated by the negligence of the defendant in making the examination and report.
The defendant argues that there was no such duty; that the only duty of the defendant was to his employer and that a confidential relationship existed between them which rendered any communication by Dr. Sirotta to Langston absolutely privileged.
This court cannot agree.
The plaintiff went first to Dr. Milnamow and then, on his instructions, to Dr. Sirotta, as he was required to do as a prerequisite to the securing of employment with Langston. Dr. Sirotta undertook to and did, as appears from the pleadings, the pretrial order and the depositions, make the requested examination, diagnosis and report. I consider that the plaintiff had the right to have the examination, diagnosis and report made, and the doctor had the duty to make them, in a careful, prudent and non-negligent manner and that a violation of that duty on the part of the defendant is actionable.
In the vast complexity of our industrial society, it is the right and perhaps the duty of employers to be informed *186 as to the health of their employees, actual and prospective. Certainly it is the right of an employer to protect his employees from exposure to the dangerous contagion of tuberculosis by refusing to hire one whom he knows to be infected with the disease. But, by the same token, workers, whose livelihood in so many cases is dependent on their ability to secure employment in the businesses large and small which make up our industrial fabric, must have, it seems to me, the right to have their qualifications for employment examined and reviewed on the basis of information concerning them which is as nearly correct as possible. And where physical health is a factor in the determination of qualifications, the worker has the right to have the state of his health diagnosed with reasonable care and reported with reasonable accuracy and correctness.
Defendant argues that there was no duty here because there was no contractual relationship of doctor and patient between him and the plaintiff. In this he is supported by the following statement appearing in Louisell and Williams, Trial of Medical Malpractice Cases, sec. 802:
"When a physician makes on behalf of a prospective employer a pre-employment physical examination, or one for a life insurance company, or for a court, or for a party in litigation adverse to the examinee, the examinee is not his patient; the physician-patient relationship does not arise."
Again the court cannot agree. I do not consider that an express contract between the examiner and the examinee in a case such as this is necessary to give rise to the physician-patient relationship. In Young v. Crescente, 132 N.J.L. 223 (E. & A. 1944), the court sustained a nonsuit in a medical malpractice suit where an express agreement between the parties was alleged but not proved. The following excerpts from Judge Wells' opinion are noteworthy:
"The relation[ship] of patient and physician rests upon a contract, either express or implied. It is almost always implied rather than express * * *." (Emphasis added)
*187 and further, at page 227:
"Plaintiff argues * * * that in order to establish a case of malpractice, he need not prove the existence of a contract between himself and Dr. Crescente, and even if there was no contractual relation[ship] of physician and patient existing between them, he was entitled to go to the jury when Dr. Crescente undertook to treat him, and that, even if Dr. Crescente was a volunteer, serving gratuitously, a nonsuit was error. We do not dispute the soundness of these legal principles when applied to such cases as those cited by plaintiff, where under the pleadings and proofs, they were applicable, but we do not regard them as applicable here, where under the issues as raised and framed by the pleadings, we are dealing with an express, and not an implied, contractual relation." (Emphasis added)
Moreover, it appears distinctly that the defendant himself was aware of and accepted the relationship. In the course of his pretrial deposition, Dr. Sirotta, in response to a question from counsel, read the letter written by him to Dr. Milnamow setting forth his findings. It concludes with the words: "Thank you for this opportunity to examine your patient. Sincerely yours, E.B. Sirotta." Dr. Milnamow was Langston's examining physician. Yet the defendant recognized and referred to him as "your patient." If he was Dr. Milnamow's patient, he was likewise Dr. Sirotta's for the purpose of the latter's examination.
I conclude that the relationship of physician and patient is readily implied and did exist between the defendant and the plaintiff, with consequent duty on the part of the defendant to exercise reasonable care in the examination and diagnosis he was called upon to make. Whether the examination, diagnosis and report were or were not negligently made is of course a factual issue to be determined at trial. R.R. 4:58-3.
The motion of defendant Sirotta for summary judgment of dismissal is denied.

II. The motion of defendant Langston:

This defendant seeks dismissal of the action because, it is argued, there is no vicarious liability.
*188 This defendant contends that there is no agency relationship shown between it and Dr. Sirotta, and that even if such relationship did exist, it is not liable unless it was negligent in the hiring of the physician.
The elements to be considered in determining the existence of the agency relationship are well set forth in Miklos v. Liberty Coach Co., 48 N.J. Super. 591, 602 (App. Div. 1958):
"In determining whether one acting for another is a servant or an independent contractor, the following elements are to be considered, among others: (1) the extent of control which, by agreement, the master may exercise over the details of the work; (2) whether or not one so employed is engaged in a distinct occupation or business; (3) the kind of occupation * * *; (4) the skill required in the particular activity; (5) whether the employer or the person doing the work supplies the instrumentalities * * *; (6) the length of time for which the person is employed; (7) the method of payment; (8) whether or not the work is part of the regular business of the employer; and (9) whether or not the parties believe they are in the relationship of master and servant."
Here there are facts alleged which, if proved, may well give rise to the conclusion that an agency relationship existed between the employer and the doctor. That the doctor was paid by the employer appears not to be denied.
But, the defendant Langston argues that, even if that be so, it is not liable for the negligent acts of the doctor. Defendant relies on the following statement which appears in the opinion of Mr. Justice Bodine in Tutino v. Ford Motor Co., 111 N.J.L. 435 (E. & A. 1933):
"Usually one employing doctors and nurses to attend to the needs of employees is held merely to the duty of exercising reasonable care in the selection."
In that case, recovery was denied on the ground that plaintiff's sole remedy against the employer was under the Workmen's Compensation Act, N.J.S.A. 34:15-1 et seq., rather than in a common law action for damages. The *189 above quoted statement was obiter and cannot be considered as stating absolutely the law of the State.
Here the employment of Dr. Sirotta by Langston was primarily to protect its own interests, rather than the interests of the applicant plaintiff. Having forced the plaintiff into the hands of Dr. Sirotta, it follows that, if the agency relationship is established, defendant Langston may be liable to him for damages resulting from the doctor's negligence. This is so even though the plaintiff was the prospective rather than the actual employee of the defendant, cf. Rannard v. Lockheed Aircraft Corp., 26 Cal.2d 149, 157 P.2d 1 (Sup. Ct. 1945).
It is argued that the defendant could have refused to hire the plaintiff for any reason or for no reason. But the right of an employer in our modern society is by no means so unlimited. Witness the policy of our State against discrimination in employment as enunciated in N.J.S.A. 18:25-1 et seq. If an employer chooses for its own protection to subject a prospective employee to a physical examination by a physician chosen by the employer, as a prerequisite to the determination whether or not he shall be hired, it owes him the duty to see to it that such examination is conducted in a manner which will assure the reasonably fair and accurate evaluation of the fitness of the applicant.
The motion of defendant Langston for summary judgment of dismissal is denied.