98 N.J. Super. 203 (1967)
236 A.2d 613
SADIE P. BORELLI, ETC., PLAINTIFFS-APPELLANTS,
v.
FERDINAND FROLLANI, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 16, 1967.
Decided December 14, 1967.
*204 Before Judges CONFORD, COLLESTER and LABRECQUE.
*205 Mr. George Y. Schoch argued the cause for appellants (Messrs. Schoch, Dietrich & Stockman, attorneys).
Mr. Howard G. Golden argued the cause for respondent (Messrs. Lewis, Siegel & Wood, attorneys).
PER CURIAM.
Plaintiff Sadie P. Borelli, administratrix ad prosequendum and general administratrix of the estate of Bruce Borelli, deceased, brought a negligence action against defendant to recover damages for the wrongful death of her son, which resulted from an accident when he was a passenger in an automobile operated by defendant. Following the trial judgment was entered in favor of defendant based on a jury verdict of no cause for action. Plaintiff appeals.
The pertinent facts are as follows. On the evening of January 31, 1965 defendant was operating an automobile which he had stolen three days before. At about 8:30 P.M. he picked up his friend Bruce Borelli and they drove around for several hours. Defendant was 16 years old and Bruce was 15. The evidence indicates that Bruce knew defendant had stolen the car and had no driver's license. While defendant was driving in Hamilton Township at about 11:30 P.M. police officers in a patrol car noted that the automobile answered the description of a car which had been reported stolen. They followed to Hamilton Avenue where they pulled up behind, sounded their horn, and put on the flashing light signalling defendant to come to a stop. Defendant immediately "took off" at a high rate of speed and the police followed. During the chase defendant drove at a speed estimated by the officers to have been 85 m.p.h. The police fired two warning shots with no result. When defendant attempted to make a right turn at high speed his car skidded 110 feet and crashed into a tree. Bruce was seriously injured and died as a result four days later.
*206 At the conclusion of the trial the court, on plaintiff's motion, ruled that the undisputed evidence established that defendant was guilty of negligence as a matter of law.
Plaintiff also moved to strike the defense of contributory negligence on the ground that the evidence showed that defendant was guilty of wanton or willful misconduct in the operation of the automobile and therefore, as a matter of law, contributory negligence could not be asserted as a defense. The court denied the motion stating that the issue of willful or wanton misconduct by the defendant had not been raised in the pleadings. The case was then given to the jury for determination of the issues of contributory negligence of plaintiff's decedent and damages. The jury rendered a verdict of no cause for action and plaintiff appealed.
Plaintiff first contends that the court erred in denying the motion to strike the defense of contributory negligence as a matter of law. She argues that the evidence clearly showed that defendant was guilty of wanton or willful misconduct in the operation of the motor vehicle when he attempted to elude the police. She relies on the rule reiterated in Tabor v. O'Grady, 59 N.J. Super. 330, 340 (App. Div. 1960), rehearing 61 N.J. Super. 446 (App. Div. 1960), that contributory negligence is not available as a defense when the defendant is guilty not merely of negligence but of wanton or willful misconduct.
The record shows that plaintiff's complaint charged merely that defendant was guilty of negligence and that defendant's answer asserted the defense of contributory negligence. No reply to defendant's answer was filed alleging that contributory negligence was not a defense to plaintiff's action (R.R. 4:8-3), and no pretrial motion was made to strike the defense as insufficient in law (R.R. 4:12-6).
Pleadings must fairly apprise the adverse party of the claims and issues to be raised at the trial. Jardine Estates, Inc. v. Koppel, 24 N.J. 536, 542 (1957). The objective of our practice is to reach an issue through the *207 media of simplified pleadings, but not at the sacrifice of stating the elements of a claim. Melone v. Jersey Central Power & Light Co., 18 N.J. 163, 174 (1955). In the instant case defendant first learned of plaintiff's claim that her action was immune to the defense of contributory negligence because of defendant's willful or wanton misconduct at the conclusion of all testimony. This was an attempt to inject a new issue into the case. We hold that the trial court properly denied plaintiff's motion to strike the defense of contributory negligence as insufficient in law.
Plaintiff's other ground of appeal relates to the court's refusal to charge the following request to charge:
"With respect to the defense of contributory negligence, I charge you that it is the settled law of this State that contributory negligence is not available as a defense when the defendant has been guilty not merely of negligence, but of willful and wanton conduct. Therefore, the contributory negligence, if any, of the decedent will not bar a recovery if the injuries or death were caused by the defendant's reckless disregard for the decedent's safety."
It is a well-settled rule of practice in the trial of civil cases that the questions submitted to the jury should be within the issues raised and framed by the pleadings and that it is error to submit to the jury questions which are not with the issues raised therein. Young v. Crescente, 132 N.J.L. 223, 228 (E. & A. 1944). As before-stated the issue of defendant's willful or wanton misconduct was not raised in the pleadings. Moreover, the record does not in any way indicate that it was tried by consent or without objection by the parties.
Furthermore, the charge was not a complete statement of the applicable law. Even if a defendant is guilty of willful and wanton misconduct the plaintiff may still be barred if his own negligence is of that degree. Tabor v. O'Grady, supra, 61 N.J. Super., at p. 453.
We conclude that the trial court properly refused to charge the jury as requested.
The judgment is affirmed.